No. 590

NAT'L DISCOUNT CORP. v. STATE

Ohio Appeals, Williams County
No. 137. Decided June 16, 1924

283. CONFLICT OF LAWS—An automobile sold in Indiana under a conditional sales contract and seized in Ohio under the prohibition laws will be disposed of in accordance with the Law of Indiana and not that of Ohio with respect to the right of the seller to regain possession.

CHITTENDEN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas wherein the court ordered a sale of an automobile seized in connection with the arrest, for a violation of the prohibition law, of those in possession of the automobile. One Witt purchased the car in Indiana and executed a conditional sales contract to the seller, agreeing that the car should not be taken from the county or used for the transportation of liquor. Witt lent the car to persons to drive to Detroit, who on the return trip were arrested in Williams County and the car was seized. The National Discount Corp., assignee of the seller of the car, filed an intervening petition to show that the car ought not to be sold. The Common Pleas decided against the intervenor and ordered the car sold, whereupon the Discount Co. prosecuted error. By consent of the parties, the sheriff sold the car for $425 and this sum was held by the clerk pending the decision of the Court of Appeals, which held:

The decision below went on the theory that by the conditional sales act of Ohio, the car should not be returned to the seller except upon tender of the amount paid, less the value of its reasonable use, and that since the intervenor had not paid this sum into the court, the car should be sold.

By the Indiana law, no tender back by the seller is required before repossessing a chattle under a conditional sales contract.

The facts do not present a case in which the conditional sales law of Ohio governs and the rights of the Discount Co. under its conditional sales contract, made in Indiana to be performed in that State will be protected in this State. The automobile having been sold and the proceeds not being sufficient to pay the lien of the seller, the proceeds will be paid to the Discount Co. Judgment reversed. Kinkade, J., concurs. Richards, J., dissents.

Attorneys—A. L. Gebhard, for Discount Co.; W. H. Shinn, Pros. Atty., for State; both of Bryan.